Michael Kind, Esq.
Nevada Bar No.: 13903
**KIND LAW**
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
(702) 337-2322
(702) 329-5881 (fax)
mk@kindlaw.com

George Haines Esq.
Nevada Bar No. 9411
Gerardo Avalos Esq.
Nevada Bar No. 15171
**FREEDOM LAW FIRM**
8985 S. Eastern Ave., Suite 350
Las Vegas, Nevada 89123
(702) 880-5554
(702) 385-5518 (fax)
Ghaines@freedomlegalteam.com
*Counsel for Plaintiff Mary Wilson*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Mary Wilson, | Case No.: |
| Plaintiff, | **Complaint for damages under the FCRA, 15 U.S.C. § 1681** |
| v. | |
| Backgroundchecks.com LLC, | |
| Defendant. | |

**Introduction**

1. The United States Congress has found the banking system is dependent up-on fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), to ensure fair and accurate re-porting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. Mary Wilson ("Plaintiff"), by counsel, brings this action to challenge the actions of Backgroundchecks.com LLC ("Backgroundchecks" or "Defendant"), with regard to erroneous reports of derogatory credit information to national reporting agencies and Defendant's failure to properly investigate Plaintiff's disputes.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in Nevada.

7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

8. Defendant failed to properly investigate Plaintiff's disputes, damaging Plaintiff's creditworthiness.

## Jurisdiction and Venue

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 15 U.S.C. § 1681.

10. This action arises out of Defendant's violations of the FCRA.

11. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, Nevada and because Defendant is subject to personal jurisdiction in Clark County, Nevada as they conduct business here. Venue is also proper because the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2).

## Parties

12. Plaintiff is a natural person living in Clark County, Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

13. Defendant is a corporation doing business in the State of Nevada.

14. Backgroundchecks regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish the reports. This entity is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

15. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

## Backgroundchecks Misreported Consumer Information

16. In Plaintiff's consumer report from Backgroundchecks dated Mar 19, 2021, Backgroundchecks inaccurately reported a criminal record that does not belong to Plaintiff. This reporting was inaccurate, misleading, and derogatory.

17. On or about Aug 13, 2021, Plaintiff disputed the inaccurate reporting pursuant to 15 U.S.C. § 1681i(a)(2), by notifying Backgroundchecks, in writing, of the inaccurate, misleading, and derogatory information.

18. Specifically, Plaintiff sent a letter on Aug 13, 2021, certified, return receipt, to Backgroundchecks, requesting the above inaccurate information be corrected or removed.

19. Backgroundchecks was required to conduct an investigation into the disputed information on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

20. Plaintiff never received any notification from Backgroundchecks that Backgroundchecks investigated or reinvestigated Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(6).

21. Backgroundchecks failed to review all relevant information provided by Plaintiff in Plaintiff's dispute, as required by and in violation of 15 U.S.C. § 1681i.

///

22. Backgroundchecks continued to report and re-report the inaccurate information, thus violating its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

23. Backgroundchecks, upon receipt of Plaintiff's dispute, failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i.

24. A reasonable investigation by Backgroundchecks would have discovered that the information it was reporting was inaccurate, misleading, and derogatory.

25. Due to the failure by Backgroundchecks to reasonably investigate, it further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i, thereby causing continued reporting of inaccurate information in violation of the FCRA.

26. Plaintiff's continued efforts to correct the inaccurate, misleading, and derogatory reporting by communicating Plaintiff's dispute with Backgroundchecks was fruitless.

27. Backgroundchecks' continued inaccurate and negative reporting was knowing and willful because it had knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

28. Also as a result of the continued inaccurate, misleading, and derogatory reporting by Backgroundchecks, Plaintiff has suffered actual damages, including without limitation, fear of employment denials, out-of-pocket expenses in challenging the inaccurate reporting, damage to Plaintiff's reputation, and emotional distress.

29. By reporting inaccurate consumer information after notice and confirmation of its errors, Backgroundchecks failed to take the appropriate measures as required under 15 U.S.C. §§ 1681i.

///

**Plaintiff's damages**

30. In addition to Plaintiff's reputation being negatively impacted, Plaintiff suffered emotional distress and mental anguish as a result of Defendant's actions described herein. In addition, Plaintiff incurred out-of-pocket costs and time in attempts to dispute Defendant's actions. Plaintiff further suffered humiliation and embarrassment.

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681**

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681, et seq.

33. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

34. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendant.

**Prayer for relief**

35. Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1); and
- Any other relief that this Court deems just and proper.

## Jury Demand

36. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 16, 2022.

Respectfully submitted,

**KIND LAW**

/s/ Michael Kind
Michael Kind, Esq.
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

**FREEDOM LAW FIRM**

/s/ George Haines           .
George Haines, Esq.
8985 S. Eastern Ave., Suite 350
Las Vegas, Nevada 89123
*Counsel for Plaintiff Mary Wilson*